IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **THE HOME INSURANCE COMPANY,**<br>    **Plaintiff,**<br><br>        v.<br><br>**PAN AMERICAN GRAIN**<br>**MANUFACTURING COMPANY, INC., et al.,**<br>    **Defendants** | **Civil No. 00-1184 (JAG** |

### MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

This protracted litigation resulted in judgment in favor of Plaintiff, The Home Insurance Company, and a finding by the U. S. Court of Appeals for the First Circuit that The Home Insurance Company is entitled to recover reasonable attorney fees and costs. *Home Ins. Co. v. Pan American Grain Mfg. Co., Inc.*, 397 F.3d 12, 18 (1st Cir. 2005). Now before the Court is plaintiff's Motion for Assessment of Attorneys' Fees and Interests [sic], Pursuant to the Mandate of the Court of Appeals, opposition by Pan American Grain Manufacturing Company, Inc. and Zorra Transport, reply by The Home Insurance Company and supporting documentation (**Docket Nos. 111, 113, 118, 119, 122**). The motion was referred to the undersigned for Report and Recommendation (**Docket Nos. 124, 126**).

I.    **Factual and Procedural Background**

The complete background of this litigation is set forth in detail in the February 4, 2005 opinion of the U. S. Court of Appeals for the First Circuit. *Home Ins. Co. v. Pan Am. Grain Mfg. Co., Inc.*, 397 F.3d 12, 18 (1st Cir. 2005). Briefly, The Home Insurance Company (hereafter "The Home") filed this action claiming that Pan American Grain Manufacturing Company, Inc (hereafter "Pan American") breached contractual obligations under a settlement agreement entered into between The Home and Pan American. Cross motions for summary judgment were filed by the parties and the motions were referred to a Magistrate-Judge for Report and Recommendation. The settlement agreement provided at Clause 12 that "Pan American and GECC agree to hold harmless and indemnify The Home for breach of any representation and/or warranty contained herein, and

this settlement agreement, including payment of attorneys' fees and costs." (**Docket No. 113**, n. 9). It was recommended that Pan American's motion for summary judgment seeking dismissal on The Home's claim of breach of the settlement agreements be granted, and that The Home's motion for summary judgment seeking dismissal of Pan American's counterclaim based on fraudulent inducement be granted (**Docket No. 72**). The District Court adopted *in toto* the Report and Recommendation and judgment was entered (**Docket No. 101**). On appeal, the judgment of the District Court was reversed and remanded with instructions that judgment be entered on behalf of The Home. *Home Ins. Co. v. Pan Am. Grain Mfg. Co., Inc.*, 397 F.3d 12 (1st Cir. 2005). The last sentence of the appellate court's decision reads, "[c]onsidering that this is an action brought pursuant to our diversity jurisdiction, Home shall be entitled to recover reasonable attorney fees and costs." *Id.* at 18.

Pursuant to the Appellate Court decision, The Home filed the current motion. The Home asks for pre-judgment interest in the amount of $95,360.00 and attorneys' fees in the amount of $111,766.75.

**II.     Analysis**

    **A.     Prejudgment Interest**

"In a diversity case, state rather than federal law controls the question of attorneys' fees." *Peckham v. Continental Cas. Ins. Co.,* 895 F.2d 830, 841 (1st Cir.1990). The same holds true for issues such as prejudgment interest. *Commercial Union Ins. Co. v. Walbrook Ins. Co.,* 41 F.3d 764, 774 (1st Cir.1994) (a federal court sitting in diversity jurisdiction ordinarily should apply the law that a local court sitting in the forum state would deem controlling in respect to prejudgment interest). Rules 44.1(d) and 44.3(b) of the Puerto Rico Rules of Civil Procedure provide for the imposition of prejudgment interest. Rule 44.1 provides in it's relevant part that "[i]n the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct. P.R.Laws Ann. tit. 32, App. III, Rule 44.1(d). Rule 44.3(b) provides in part that "the court will also impose on the party that has acted rashly the payment of interest at the rate fixed by the

Civil No. 00-1184(JAG)	Page -3-

Board. . . from the time the claim is filed in actions for damages until the date judgment is pronounced. . . . *Id.,* Rule 44.3(b). Under these provisions, a losing party who has been "obstinate"during the course of a lawsuit can be held liable for prejudgment interest and for its adversary's attorneys' fees. *DeLeón-López v. Corporación Insular de Seguros*, 931 F.2d 116, 126 (1st Cir. 1991). "A finding of obstinacy requires that the court determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay. *DeLeón-López v. Corporación Insular de Seguros*, 931 F.2d at 126 (citing *La Playa Santa Marina, Inc. v. Chris-Craft Corp.*, 597 F.2d 1, 7 (1st Cir.1979); *Soto v. Lugo,* 76 P.R.R. 416, 419 (1954)). The imposition of attorneys' fees and prejudgment interest is obligatory once a threshold finding of obstinacy brings the rules into play. *See; Fernández v. San Juan Cement Co.,* 118 D.P.R. 713 (1987). Indeed, once obstinacy is determined, imposition of attorney's fees and legal interest for obstinacy is mandatory. *Id.*

The Home argues that because the appellate court awarded it attorneys' fees and costs due to Pan American's obstinate conduct, the imposition of prejudgment interest upon Pan American is mandatory. Pan American and Zorra Transport, Inc. (hereafter "Defendants") oppose the imposition of prejudgment interest, arguing that there is nothing in the language of the opinion of the appellate court, or in any of the opinions of the district court to indicate that they ever acted in an improper, harassing, deceitful, litigious manner, or in any other fashion warranting imposition of interest. The Defendants point out that the award of attorneys' fees has nothing to do with their behavior, but rather is a result of the contractual obligations contained within the settlement agreement between Pan American and The Home. It notes that the appellate court's decision contains no reference to the imposition of prejudgment interest.

The undersigned has carefully read the opinions issued by the appellate court and the district court, as well as the Report and Recommendation, issued by a Magistrate Judge and adopted by the District Court. None refer to the Defendants' conduct as obstinate nor do any of the judicial bodies make a finding of obstinacy. Despite the apparent disdain among the parties, at this juncture, the

Civil No. 00-1184(JAG)                                                                                         Page -4-

undersigned is not inclined to make such a finding.  Notably, the terms of the settlement agreement entered between the parties provided that Pan American and GECC had agreed to pay "attorneys' fees and costs" for the payment for any breach of the settlement agreement.  In its opinion, the appellate court found that Home was entitled to recover reasonable "attorney fees and costs", language similar to that found in Clause 12 of the Settlement Agreement.

There has been no finding of obstinacy as required for the imposition of prejudgment interest.  Therefore, it is RECOMMENDED that the Motion for Assessment of Prejudgment Interest be DENIED.

### B.     Attorneys' Fees

As previously discussed the appellate court determined that The Home is entitled to recover reasonable attorney fees and costs.  The Home seeks attorneys' fees in the amount of $111,766.75. It provided to the Court a verified statement attesting a description of the services rendered and the hourly rate of its attorneys, as well as copies of actual invoices (filed under seal). The rates at the law firm of Jiménez, Graffam & Lausell are as follows: paralegal $50/hour; associate attorney $125/hour; junior partner $150/hour; partner $175/hour.

The Defendants argue that The Home's request for attorneys' fees is unreasonable.  They note that there was no trial in this matter and the discovery process did not include the taking of any depositions.  The Defendants question all of The Home's submissions, but make particular mention of 17 hours spent on Item No. I.; for telephone conferences during the investigation of the Ochoa Settlement; 67.25 hours spent on Item No. IV.; for matters related to the Initial Scheduling Memorandum and Conference; 24.50 hours spent on Item No. V.(1); Discovery Procedures for matters related to propounding discovery including research, preparation, drafting, editing and 4 hours in Item No. V.(2); for drafting and editing subpoenas; 24 hours spent on Item No. VI.(1); for the review of Uncontested Material Facts, research for summary judgment and drafting motions and 16 hours under Item No. VI.(1); for research, drafting motions and considering arguments.

Initially, it is noted that the affidavit and documentation filed with the Court supports the request for attorneys' fees as required by *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir.

1984); see also *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 527 (1st Cir. 1991). The Home presented a voluminous amount of documentation, filed under seal, which consists of detailed, contemporaneous time records supportive of the attorneys' fees it seeks. Noteworthy is the fact that this litigation has spanned several years, from 1999 to 2005.

More so, the hourly rate proposed by The Home is reasonable, based upon prevailing rates in Puerto Rico. It is clear that "The hourly rate should be 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation'." *Tejada-Batista v. Fuentes-Agostini,* 263 F.Supp.2d 321 327 (D.P.R. 2003) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 (1984). "In reaching its determination, the court may rely upon its own knowledge of attorneys' fees in the community." *Rodríguez v. International Coll. of Bus. and Tech., Inc.,* 356 F.Supp.2d 92, 96 (D.P.R.2005) (*citing Missouri v. Jenkins by Agyei,* 491 U.S. 274, 285 (1989)). The Home requests and allocates the hourly rates for its attorneys depending upon their position within the law firm. Further it has submitted affidavits in support thereof. Rates range from $50/hour to $175/hour depending upon whom provided the service; wether a paralegal, associate, junior partner or partner. This district has found reasonable out-of-court hourly rates ranging from $140.00 to $250.00. *Santiago v. Mercado,* 175 F.Supp.2d 164 (D.P.R. 2001); *Ciudadana v. Gracía-Morales,* 359 F.Supp.2d 38, 45 (D.P.R.2005);*Rodríguez,* 356 F.Supp.2d at 96-97; *Top Entertainment Corp. v. Torrejon,* 349 F.Supp.2d 248, 253-255 (D.P.R.2004); *Anywhere, Inc. v. Romero,* 344 F.Supp.2d 345, 348 (D.P.R. 2004); *Vieques Conservation and Historical Trust, Inc. v. Martínez,* 313 F.Supp.2d 40, 47 (D.P.R.2004); *Tejada-Batista*, 263 F.Supp.2d 321, 328 (D.P.R.2003).

The undersigned finds The Home's request for attorneys' fees reasonable, based upon the supportive documentation, the time span of the litigation, and the prevailing legal rates in the community. Accordingly, it is RECOMMENDED that the assessment of attorneys' fees in the amount of $111,766.75 be GRANTED,

Civil No. 00-1184(JAG)                                                                                         Page -6-

### III.     Conclusion

IT IS THEREFORE RECOMMENDED THAT Motion for Assessment of Attorneys' Fees and Interests [sic], Pursuant to the Mandate of the Court of Appeals (**Docket No. 113**) be **DENIED** in part and **GRANTE**D in part as follows: That the assessment of prejudgment interest be DENIED, and that attorneys' fees be AWARDED to The Home Insurance Company in the amount of $111,766.75.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge.  *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, on this 4th day of October, 2005.

**S/AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**